# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>　　Emanuel Baez Martin,<br>　　Jennifer Soto Soto,<br><br>　　　　　　Debtors. | Case No. 18-17741-elf<br><br>Chapter 7<br><br>Amends ECF No. 19 |

**Debtors' Amended Motion to Reopen Case**

　　**AND NOW**, Debtors Emanuel Baez Martin and Jennifer Soto Soto, by and through their attorney, move this Court for entry of an order reopening this case. In support of this motion, the Debtors state as follows:

1. The Debtors filed this case under chapter 7 on November 25, 2018.

2. The interim trustee in this case was Christine C. Shubert.

3. At the time this case was filed, the Debtors owned real property located at State Road 352 Km 3.6, Ward Leguizamo in Mayaguez, Puerto Rico, as tenants by the entirety, which secured a mortgage loan to the Debtors held by the United States Department of Agriculture. ECF No 1.

4. The Debtors' schedules indicate their intent to surrender the Mayaguez property. *Id*. Indeed, they did not redeem the property or enter into a reaffirmation agreement before the Court issued the discharge order.

5. The Court entered a discharge order on May 16, 2019, and the U.S.D.A. was notified of the discharge order by the Bankruptcy Noticing Center. Exhibit A.

6. The Debtors' schedules estimate that their *in personam* unsecured liability associated with the USDA loan was $31,510. Exhibit B.

7. Upon information and belief, the U.S.D.A. has not foreclosed on the Mayaguez property nor released its lien since the discharge order was entered.

8. The U.S.D.A. told the Debtors that they are responsible for the in personam debt associated with the loan, even though the Debtors were discharged in bankruptcy. Exhibit C.

9. The U.S.D.A. also made direct collection calls to the Debtors in an effort to collect the in personam debt from them. *Id*. Although the collection efforts have since stopped, it is apparent

from subsequent conversations that the U.S.D.A. still considers the debt valid, telling the Debtors expressly that they would "be responsible for any debt that remained once the house was sold." *Id.*

10. The Debtors contend that the U.S.D.A. violated and does continue to violate the discharge order because the U.S.D.A. attempted to collect a discharged debt from the Debtors and still considers the Debtors to owe the discharged amount. 11 U.S.C. § 524.

11. Additionally, the Debtors contend that the U.S.D.A. violated and does continue to violate the discharge order because it has not foreclosed on the Mayaguez property nor released its lien since the discharge order was entered in a coercive effort to obtain full payment on the discharged loan. *See In re Pratt*, 462 F.3d 14, 15 (1st Cir. 2006); *But See Canning v. Beneficial Me. Inc.*, 706 F.3d 64, 66 (1st Cir. 2013); *But See Holoka v. Deutsche Bank Nat'l Trust Co.*, 525 B.R. 495, 496 (Bankr. N.D. Fla. 2014).

12. Upon motion of a debtor, the Court may re-open a case "to accord relief to the debtor . . . ." 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010.

13. The Debtors ask the Court to reopen this case so that they may file an adversary complaint against the U.S.D.A. for violating and continuing to violate the discharge order.

**NOW, THEREFORE**, the Debtors ask this Court to grant relief in the form of order attached and to grant such other relief in their favor as may be necessary and proper under the law.

Date: February 22, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

2