### United States Bankruptcy Court
### Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-17741-elf |
| Emanuel Baez Martin,<br>Jennifer Soto Soto, | Chapter 7 |
| Debtors. | |

**Debtors' Brief in Support of Amended Motion to Reopen Case**

**AND NOW**, Debtors Emanuel Baez Martin and Jennifer Soto Soto, by and through their attorney, submit this memorandum of law in support of their Amended Motion to Reopen Case.

**I.        Summary of Facts**

The Debtors filed this case under Chapter 7 in November 2018. (ECF No. 26). The Debtors' schedules indicated their intent to surrender a home they owned in Puerto Rico, which is secured by a loan from the U.S.D.A. (*Id.*). The court entered a discharge in May 2019, and the Bankruptcy Noticing Center notified the U.S.D.A. of the discharge. (ECF No. 26-2). A few years after the discharge, the Debtors became aware that the U.S.D.A. had not foreclosed on the home. (ECF No. 26-3). When the Debtors contacted the U.S.D.A. to inquire, the U.S.D.A. attempted to collect the full balance of the loan by telling the Debtors that they would face consequences if they did not pay the balance of the loan that exceeded the home's value. (*Id.*). The U.S.D.A. also made direct calls to the Debtors in an attempt to collect that deficiency balance from the Debtors. (*Id.*). Although the direct calls have since stopped, the U.S.D.A. has not cooperated with any effort by the Debtors to turn the property over to them and has not responded to further inquires. (*Id.*).

The Debtors brought a motion to reopen their bankruptcy case so that they can bring an adversary action against the U.S.D.A. for violating the discharge order. The Debtors contend that the U.S.D.A., with actual knowledge of the bankruptcy and the discharge order, violated the discharge order by attempting to collect the deficiency balance, which is an *in personam* debt that was discharged by the Court. The Debtors additionally contend that the U.S.D.A. is violating the discharge order by not foreclosing on the home or releasing the associated lien because their inaction is part of a coercive effort to compel the Debtors to pay the discharged deficiency balance.

**II.    Argument**

The Court must grant the motion to reopen this case because the Debtors have stated a claim upon which relief can be granted, and because the Court's discretion to deny the motion based on the merits is limited to frivolous claims.

    **A. The Court must grant the motion because the Debtors have stated a claim upon which relief can be granted.**

The U.S.D.A violated the discharge order when it demanded payment from the Debtors and made direct collection calls to the Debtors. To show that a creditor violated the discharge contemplated by 11 U.S.C. § 524, a complainant must show that the creditor knew about the discharge and took intentional action that violated it. *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996). Pursuant to the discharge order, a creditor must not partake in collection activity that concerns discharged debt.

In this case, the U.S.D.A. had knowledge of the bankruptcy discharge from both the Bankruptcy Noticing Center and the Debtors themselves. The U.S.D.A.'s action of demanding payment for a discharged in personam debt was intentional because the representatives that demanded payment did so while threatening consequences. With that, the U.S.D.A. violated the discharge order.

The U.S.D.A.'s refusal to foreclose on the property or release its lien is also a violation of the discharge order. It is a willful violation of the discharge order when a secured creditor refuses to foreclose on a property or release its lien in a coercive effort to require payment of a secured debt beyond the value of the collateral. *See In re Pratt*, 462 F.3d 14, 15 (1st Cir. 2006); *See also Canning v. Beneficial Me. Inc.*, 706 F.3d 64, 66 (1st Cir. 201.

In this case, the U.S.D.A. has not foreclosed on the property or released its lien, while also demanding full payment of the loan balance. The U.S.D.A.'s willful conduct violates the discharge order because it is a coercive effort to collect full payment of debt that was discharged in the bankruptcy case.

### B. The Court must grant the motion because its discretion to deny the motion based on the merits is limited to frivolous claims.

Deciding to reopen a case is within the Court's discretion, but there is no hard and fast rule. *In re Zinchiak*, 406 F.3d 214, 223 (3d Cir. 2005). Historically, the courts in this district granted motions to reopen almost freely. *In re Snyder*, 91 B.R. 717, 717 (Bankr. E.D. Pa. 1988) (Holding that the court should only deny reopening a case when when the debtor is guilty of fraud or intentional design, and reopening is prejudicial to a creditor.); *In re Rex*, 217 B.R. 57, 61 (Bankr. E.D. Pa. 1998) ("[R]eopening of any case . . . should ordinarily precede consideration of a substantive motion relative to that case."). Without explanation, *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007), discarded this district's liberal approach to reopening cases and adopted a more expansive view of the court's discretion, stating that a court may deny a motion to reopen a case "whe[n] it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened."

Each of the three authorities cited by the *Antonious* court concern cases where the stated claim is ridiculous on its face. First, in *Arleaux v. Arleaux*, 210 B.R. 148 (B.A.P. 8th Cir. 1997), that court refused to reopen a case because the debtor sought to discharge a post-petition debt. It is objectively ridiculous to try and discharge a post-petition debt, which is why *Arleaux* is a narrow exception to that court's general rule that "the court should reopen routinely and reach the merits of the underlying dispute only in the context of the adversary proceeding, not as part of the motion to reopen." *Id*. Next, in *In re Carberry*, 186 B.R. 401 (Bankr. E.D. Va. 1995), that court declined to reopen a case where the debtor was effectively seeking a retroactive discharge – a similarly ridiculous claim. Finally, *In re Nelson*, 100 B.R. 905 (Bankr. N.D. Ohio 1989), concerned a case where the relief requested had already been adjudicated in another court of law.

The respective courts in each of the above cases did not reach their conclusions with a deep analysis of the facts and possibilities; the decisions are but a few pages. Each court quickly reached its conclusion because the relief requested was ridiculous. Although none of the courts state so expressly, a common thread ties all three cases together: the claims, defenses, and other legal

3

contentions were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11.

For those reasons, this Court should not rely on *Antonious* as good reason to deny the motion based on the merits of the relief requested. The Debtors in this case have stated a nonfrivolous claim for relief, which cannot be said of the cases that support *Antonious*.

### III. Conclusion

For the foregoing reasons, the Court must grant the Debtors' motion to reopen this case.

Date: February 22, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com